IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

EVA ANDERSON                                                                              PLAINTIFF

V.                                                       CIVIL ACTION NO. 2:15-CV-88-KS-MTP

WELLS FARGO BANK, NA, *et al.*                                                        DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This is a wrongful foreclosure case. Plaintiff asserted a variety of claims against Defendants, and she seeks to block foreclosure on her home. Defendant Wells Fargo Bank, NA removed the case from the Circuit Court of Forrest County, Mississippi. Plaintiff filed a Motion to Remand [2]. After Defendant answered [6] the Amended Complaint [1-3], Plaintiff filed a "Response" [7] to Defendant's Answer. Defendant subsequently filed a Motion to Strike [10] the "Response."

For the reasons below, the Court **denies** Plaintiff's Motion to Remand [2] and **grants** Defendant's Motion to Strike [10].

### A.  *Motion to Remand [2]*

"Federal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). This Court has removal jurisdiction of any case where it has original jurisdiction, 28 U.S.C. § 1441(a), and it has "original jurisdiction of all civil matters where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States . . . ." 28 U.S.C. § 1332(a). For diversity jurisdiction, the

parties must be completely diverse. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Id.*

When a motion to remand is filed, the party invoking the Court's jurisdiction has the burden of proving that the jurisdictional requirements have been met. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). Because federal courts have limited jurisdiction and removal raises significant federalism concerns, "any doubt as to the propriety of removal should be resolved in favor of remand," *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008), and the "removal statutes are to be strictly construed against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996).

  *1. Diversity of Citizenship*

Plaintiff apparently argues that the parties to this case are not completely diverse. Although her brief is less than clear on the specifics of her argument, she does not contend that any Defendant is a citizen of Mississippi. As noted above, "[c]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey*, 542 F.3d at 1079. Plaintiff is a citizen of Mississippi. She apparently concedes that none of the Defendants are citizens of Mississippi. Therefore, the parties are completely diverse.

   2.     *Amount in Controversy*

Next, Plaintiff argues that the amount in controversy requirement has not been met because she did not demand a specific amount of damages. Where a plaintiff does not request a specific sum, the "removing defendant must prove by a preponderance of the evidence that the amount in controversy equals or exceeds the jurisdictional amount." *De Aguilar*, 11 F.3d at 58. "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "[O]nce a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided the plaintiff has not shown that it is legally certain that his recovery will not exceed the" jurisdictional threshold. *White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003).

Plaintiff seeks injunctive relief blocking Defendants' foreclosure on her home, and declaratory relief that the mortgage is void. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013). Therefore, "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Id.* Plaintiff alleged in her Amended Complaint [1-3] that the value of the deed of trust was $207,000.00 in 2004. Therefore, the Court finds that the amount in

controversy requirement is met.

The Court also notes that Plaintiff demanded unspecified amounts of economic damages, emotional damages, and punitive damages. "[F]ederal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum." *Sun Life Assur. Co. v. Fairley*, 485 F. Supp. 2d 731, 735 (S.D. Miss. 2007). Likewise, Mississippi's federal courts have held that "Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000." *Holmes v. Citifinancial Morg. Co.*, 436 F. Supp. 2d 829, 830-31 (N.D. Miss. 2006). Therefore, Plaintiff's unspecified demands for damages satisfy the amount in controversy requirement.

**B.     *Motion to Strike [10]***

On July 15, 2015, Plaintiff filed a reply [7] to Defendant Wells Fargo's answer [6] without seeking leave from the Court to do so. Rule 7 specifically provides that a reply to an answer is only allowed "if the court orders one . . . ." FED. R. CIV. P. 7(a)(7). The Court did not order Plaintiff to file a reply. Therefore, the reply is not allowed and the Court grants Defendant's motion to strike.

SO ORDERED AND ADJUDGED this 13th day of August, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

4