IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**EVA ANDERSON**                                                                                   **PLAINTIFF**

**V.**                                                **CIVIL ACTION NO. 2:15-CV-88-KS-MTP**

**WELLS FARGO BANK, NA,** *et al.*                                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants** Defendant's Motion to Set Aside [29] the entry of default, **denies** Plaintiff's Motion to Properly Serve [34], **grants** Defendant's Motion [39] to file a responsive pleading out of time, and **denies** Plaintiff's Motion to Amend [43] her Complaint.

## I. BACKGROUND

This is a wrongful foreclosure case. Plaintiff asserted a variety of claims against Defendants, and she seeks to block foreclosure on her home. On October 30, 2015, Plaintiff filed a Motion [23] for entry of default as to Defendant Argent Mortgage, LLC ("Argent"). The Clerk entered Argent's default [24] on the same day. On November 10, 2015, Argent filed a Motion to Set Aside [29] the Default. While Argent's motion was pending, Plaintiff filed a Motion [34] for Defendant Citi Residential Lending, Inc. ("CRL") to "properly serve" her with its filings. While Plaintiff's motion was pending, Argent filed a Motion [39] seeking leave to file a responsive pleading out of time. Finally, while Argent's second motion was pending, Plaintiff filed a Motion to Amend [43] her Complaint. The parties have been afforded sufficient opportunity to respond to all pending motions, and the Court is prepared to address them.

## II. MOTION TO SET ASIDE DEFAULT [29]

"The Federal Rules are diametrically opposed to a tyranny of technicality and endeavor to decide a case on the merits. Strict enforcement of defaults has no place in the Federal Rules . . . ." *Amberg v. FDIC*, 934 F.2d 681, 686 (5th Cir. 1991). Accordingly, "[t]he court may set aside an entry of default for good cause . . . ." FED. R. CIV. P. 55(c). "The language of this rule is discretionary, and the decision to set aside a default is committed to the sound discretion of the trial court. . . . [D]istrict courts generally should grant motions to set aside a default unless the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense." *Moreno v. Lg Elecs., USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015); *see also Lacy v. Sitel Corp.*, 227 F.3d 290, 291 (5th Cir. 2000). "Other factors may also be considered, including whether the defendant acted expeditiously to correct the default." *Lacy*, 227 F.3d at 291.

After considering these factors, the Court concludes that Argent has satisfied Rule 55's "good cause" requirement. The record contains no evidence of willfulness. Plaintiff apparently served Argent's agent for service of process in Florida, rather than Mississippi, which could have caused the delay. Additionally, Plaintiff has not articulated any way in which she would be prejudiced. Setting aside the default merely requires Plaintiff to prove her allegations. *See Id.* at 293. Finally, Argent acted expeditiously to correct the default insofar as they filed their motion [29] less than two weeks after the entry of default [24]. *Id.* at 291. For these reasons, the Court grants Defendant Argent Mortgage, LLC's Motion to Set Aside [29] the entry of default.

## III. MOTION TO PROPERLY SERVE [34]

Plaintiff filed a Motion [34] requesting that the Court order Defendant CRL to "properly serve" her with its "initial response." On September 17, 2015, Plaintiff registered and consented [16] to receive filing notifications via e-mail. Accordingly, when CRL filed its Answer [31] on November 11, 2015, it represented to the Court that a copy was served on Plaintiff via the electronic filing system. Indeed, the notice of electronic filing ("NEF") generated by the system confirms that notice of the filing was e-mailed to Plaintiff at the address she provided the Court.

Rule 5(b)(2) provides that a document is served by "sending it by electronic means if the person consented in writing – in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served . . . ." FED. R. CIV. P. 5(b)(2)(E). Plaintiff represented that she has not received CRL's Answer. Therefore, the Court orders CRL to mail a hard copy of the Answer [31] to Plaintiff at the mailing address she provided to the Court within seven days of the entry of this order.

Additionally, the Court orders Plaintiff to respond to this order and provide the Court with her current e-mail address. If her current e-mail address is the one which she previously provided to the Court – garyheard@wooptydoo.biz – then the Court orders Plaintiff to explain why she did not receive the NEF related to CRL's Answer, and to show cause why her registration to receive electronic notifications should not be revoked for her apparent inability to reliably receive the Court's NEF's. Plaintiff shall respond to this order within fourteen days of its entry. Failure to respond will be construed as willful delay or contumacious conduct that may result in sanctions,

potentially including the dismissal of Plaintiff's claims.

### IV. MOTION TO FILE A RESPONSIVE PLEADING OUT OF TIME [39]

Argent filed a Motion to File [40] an out-of-time responsive pleading. The Court may extend a party's time to file a document "on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). The following factors are relevant to the determination of "excusable neglect": "(1) the possibility of prejudice to the other parties, (2) the length of the applicant's delay and its impact on the proceeding, (3) the reason for the delay and whether it was within the control of the movant, and (4) whether the movant has acted in good faith." *Salts v. Epps*, 676 F.3d 468, 475 (5th Cir. 2012).

The Court has already granted Argent's Motion to Set Aside [29] the entry of default. For the same reasons provided above, the Court finds that it may file a responsive pleading out of time. Plaintiff has not articulated any potential prejudice to her if Argent is permitted to file an answer. The length of the delay has been negligible, and there has been little impact on the proceedings insofar as other motions have also been pending. Argent suggests that the reason for the delay was Plaintiff's service of process on its registered agent in Florida, rather than Mississippi – a conceivable explanation which the Court has no reason to discredit. Finally, the record does not demonstrate any bad faith on Argent's part. At worst, it was negligent, missed a deadline, and promptly sought leave to rectify its mistake. For these reasons, the Court grants Argent's Motion [39] to file a responsive pleading out of time. Argent must file its answer within fourteen days of the entry of this order.

### V. MOTION TO AMEND COMPLAINT [43]

Finally, Plaintiff filed a Motion to Amend [44] her Complaint to add another defendant. Local Rule 15 provides: "A proposed amended pleading must be an exhibit to a motion for leave to file such pleading." L.U.Civ.R. 15. Plaintiff did not provide the Court with a copy of the proposed Amended Complaint. Accordingly, the Court denies her Motion to Amend [44].

### VI. CONCLUSION

For the reasons above, the Court **grants** Defendant's Motion to Set Aside [29] the entry of default, **denies** Plaintiff's Motion to Properly Serve [34], **grants** Defendant's Motion [39] to file a responsive pleading out of time, and **denies** Plaintiff's Motion to Amend [43] her Complaint.

Additionally:

- The Court orders CRL to mail a hard copy of the Answer [31] to Plaintiff at the mailing address she provided to the Court within seven days of the entry of this order.

- The Court orders Plaintiff to respond to this order within fourteen days of its entry and provide the Court with her current e-mail address. If her current e-mail address is the one which she previously provided to the Court – garyheard@wooptydoo.biz – then she shall also explain why she did not receive the NEF related to CRL's Answer, and show cause why her registration to receive electronic notifications should not be revoked for her apparent inability to reliably receive the Court's NEF's. Failure to respond will be construed as willful delay or contumacious conduct that may result in sanctions, potentially including the dismissal of Plaintiff's claims.

- The Court orders Argent to file its responsive pleading within fourteen days of the entry of this order.

SO ORDERED AND ADJUDGED this 13th day of January, 2016.

          *s/Keith Starrett*
          UNITED STATES DISTRICT JUDGE