IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**EVA ANDERSON**                                                                                **PLAINTIFF**

**V.**                                         **CIVIL ACTION NO. 2:15-CV-88-KS-MTP**

**WELLS FARGO BANK, NA,** *et al.*                                         **DEFENDANTS**

<u>MEMORANDUM OPINION AND ORDER</u>

This is a wrongful foreclosure case. Plaintiff's Amended Complaint [1-3] appears to have been cobbled together from a variety of outside sources, and it is mostly incoherent. However, she appears to claim that the current owner of her mortgage, Wells Fargo, has no right to foreclose because of a fraudulent assignment in the mortgage's chain of ownership. Specifically, Plaintiff argues that the assignment violated a Pooling and Servicing Agreement ("PSA") among certain parties in the chain of ownership, including Defendants Wells Fargo, Argent, and Citi Residential Lending. Defendant Argent Mortgage Company, LLC filed a Motion to Dismiss [47] pursuant to Rule 12(b)(6). For the reasons provided below, the motion is **granted**.

**A.**     *Standard of Review*

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the

complaint in the light most favorable to the plaintiff." *Id*. But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id*. Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

Plaintiff presented several exhibits [52-1] in response to Defendant's motion. "[W]hen matters outside the pleading are presented with a motion to dismiss under Rule 12(b)(6), a district court has complete discretion to either accept or exclude the evidence." *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007); *see also* FED. R. CIV. P. 12(d). If the Court considers the matters outside the pleadings, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all material that is pertinent to the motion." FED. R. CIV. P. 12(d). However, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

The Court elects to not consider matters outside the pleadings. Therefore, it will disregard Plaintiff's exhibits [52-1]. However, the assignments [47-1, 47-2, 47-3] attached to Defendant's motion were referred to in Plaintiff's Amended Complaint [1-3], and they are central to her claim. Therefore, they are part of the pleadings, and the

Court may consider them.

## B. Discussion

Among other things, Argent argues that Plaintiff has no standing to challenge the assignments in her mortgage's chain of ownership. Argent is correct. This Court has previously held that a mortgagor has no standing to challenge a note's assignment based on an alleged PSA violation. *See Deutsche Bank Nat'l Trust Co. v. Frazier*, No. 1:14-CV-451-LG-RHW, 2015 U.S. Dist. LEXIS 71016, at *4-*5 (S.D. Miss. June 2, 2015); *Jefferson v. Mortg. Elec. Registration Sys., Inc.*, No. 1:12-CV-368-HSO-RHW, 2013 U.S. Dist. LEXIS 188120, 2013 WL 8702700, at *4 (S.D. Miss. Dec. 13, 2013). "[T]he law is well-settled that borrowers . . . who are neither parties to nor third-party beneficiaries of the PSA . . . lack standing to enforce provisions of a PSA or to otherwise challenge transfers allegedly made in violation of the PSA." *Frazier*, 2015 U.S. Dist. LEXIS 71016 at *4 (citing *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 342 (5th Cir. 2013); *Shaver v. Daffin Frappier Turner & Engel, LLP*, 593 F. App'x 265, 272 (5th Cir. Nov. 5, 2014)); *see also Reinagal v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 226 (5th Cir. 2013); *Morlock, LLC v. JP Morgan Chase Bank, N.A.*, 587 F. App'x 86, 88 (5th Cir. 2014).

Plaintiff appears to rely on New York law, citing the lower court decision of *Wells Fargo Bank, N.A. v. Erobobo*, 972 N.Y.S. 2d 147 (N.Y. Sup. Ct. 2013). However, as many courts have noted when addressing the same boilerplate wrongful foreclosure arguments, the trial court's decision in *Erobobo* was reversed on appeal, and the New York appellate court held that "Erobobo, as a mortgagor whose loan is owned by a

3

trust, does not have standing to challenge the . . . possession or status as assignee of the note and mortgage based on purported noncompliance with certain provisions of the PSA . . . ." 127 A.D.3d 1176, 9 N.Y.S.3d 312, 314 (N.Y. App. Div. 2015). Therefore, under New York law, Plaintiff has no standing to challenge the assignment of her mortgage based on alleged noncompliance with the PSA. *See Ferguson v. Bank of N.Y. Mellon Corp.*, 802 F.3d 777, 782 (5th Cir. 2015); *Ermisch v. HSBC Bank, N.A.*, 2015 U.S. App. LEXIS 20253, at *5-*6 (5th Cir. Nov. 20, 2015). Likewise, under Mississippi law, one who is not a party to a contract has no standing to seek redress for a breach of that contract. *See Cottingham v. GMC*, 119 F.3d 373, 380 (5th Cir. 1997); *Burns v. Washington Savings*, 171 So. 2d 322, 324 (Miss. 1965); *Delta Constr. Co. v. Jackson*, 198 So. 2d 592, 597 (Miss. 1967).

C.  *Conclusion*

For these reasons, the Court finds that Plaintiff has no standing to challenge the assignment of her mortgage based on alleged violations of the PSA. Accordingly, the Court **grants** Defendant Argent Mortgage Company, LLC's Motion to Dismiss [47].

SO ORDERED AND ADJUDGED this 3rd day of March, 2016.

                                               *s/ Keith Starrett*
                                     UNITED STATES DISTRICT JUDGE