IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**EVA ANDERSON**     **PLAINTIFF**

**V.**     **CIVIL ACTION NO. 2:15-CV-88-KS-MTP**

**WELLS FARGO BANK, NA,** *et al.*     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **denies** Plaintiff's Motion for Reconsideration [57] and **grants** Defendant's Motion for Judgment on the Pleadings [59].

### A. *Motion for Reconsideration [57]*

On March 9, 2016, Plaintiff filed a Motion for Reconsideration [57] of the Court's Memorandum Opinion and Order [56] granting Argent Mortgage Company, LLC's Motion to Dismiss. "A motion asking the court to reconsider a prior ruling is evaluated either as a motion . . . under Rule 59(e) or . . . under Rule 60(b). The rule under which the motion is considered is based on when the motion is filed. If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Plaintiff's motion was filed within twenty-eight days of the Court's opinion, and Rule 59(e) applies.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for

altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C.*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009). It is "an extraordinary remedy that should be used sparingly." *Id*. Before filing a Rule 59(e) motion, parties "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

Plaintiff offers only one argument relevant to the basis of the Court's decision. She argues that a borrower may challenge a transfer that is void, rather than merely voidable, and that transfers in violation of the Pooling and Servicing Agreement (PSA) agreement are void. As the Court previously noted, "the law is well-settled that borrowers . . . who are neither parties to nor third-party beneficiaries of the PSA . . . lack standing to enforce provisions of a PSA or to otherwise challenge transfers allegedly made in violation of the PSA." *Deutsche Bank Nat'l Trust Co. v. Frazier*, No. 1:14-CV-451-LG-RHW, 2015 U.S. Dist. LEXIS 71016, at *4 (S.D. Miss. June 2, 2015) (citing *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 342 (5th Cir. 2013); *Shaver v. Daffin Frappier Turner & Engel, LLP*, 593 F. App'x 265, 272 (5th Cir. Nov. 5, 2014));

2

*see also Reinagal v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 226 (5th Cir. 2013); *Morlock, LLC v. JP Morgan Chase Bank, N.A.*, 587 F. App'x 86, 88 (5th Cir. 2014). More pertinent to Plaintiff's current motion, the Fifth Circuit has specifically held that "assignments from a lender to a mortgage pool that violated the PSA – a separate contract – would not render the assignments void." *Ermisch v. HSBC Bank, N.A.*, 631 F. App'x 215, *4 (5th Cir. 2015) (citing *Reinagal*, 735 F.3d at 228). Accordingly, the Court **denies** Plaintiff's Motion for Reconsideration.

### B.  *Motion for Judgment on the Pleadings [59]*

A "motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id*. But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."

*Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

Defendant Citi Residential Lending, Inc. ("CRL") argues, like Argent, that the Court should dismiss Plaintiff's claims because she lacks standing to challenge the assignments. For the same reasons provided in its previous decision, *see Anderson v. Wells Fargo Bank, NA*, No. 2:15-CV-88-KS-MTP, 2016 U.S. Dist. LEXIS 27110, at *3-*4 (S.D. Miss. Mar. 3, 2016), the Court agrees. Plaintiff has no standing to challenge the assignment of her note based on alleged violations of a pooling and servicing agreement to which she was neither a party nor a third-party beneficiary. *Reinagal*, 735 F.3d at 226; *Farkas*, 737 F.3d at 342; *Shaver*, 593 F. App'x at 272; *Morlock*, 587 F. App'x at 88; *Frazier*, 2015 U.S. Dist. LEXIS 71016 at *4. Accordingly, the Court **grants** CRL's Motion for Judgment on the Pleadings [59], and Plaintiff's claims against it are dismissed with prejudice.

SO ORDERED AND ADJUDGED this 18th day of April, 2016.

                                          *s/Keith Starrett*
                                          UNITED STATES DISTRICT JUDGE