IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

EVA ANDERSON                                                                 PETITIONER

VS.                                                         CIVIL ACTION NO.2:15CV88-KS-MTP

WELLS FARGO BANK, ET AL.                                     RESPONDENT

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

THIS MATTER is before the Court *sua sponte* for case management purposes and upon the failure of the Plaintiff to perfect service upon Defendant David Santa. Having carefully considered the record, the Plaintiff's submissions, and the applicable law and the Court considering same and also considering the Report and Recommendation filed June 28, 2016, by United States Magistrate Judge Michael T. Parker, does hereby find as follows.

I. PROCEDURAL HISTORY

Plaintiff Eva Anderson, proceeding *pro se*, filed the instant action on May 28, 2015, in the Circuit Court of Forrest County, Mississippi. *See* Complaint [1-2]. The matter was removed to this Court on June 26, 2015. *See* Notice of Removal [1]. Plaintiff is not proceeding *in forma pauperis*; therefore, it is her responsibility to serve process upon the Defendants. *See* Fed. R. Civ. P. 4(c).

The state court record reflects that summons issued for Defendant David E. Santa, but there is no indication in that record that service was accomplished. On August 24, 2015, the Court advised Plaintiff that Defendant Santa remained unserved and directed her to request a reissuance of summons and complete service on or before October 21, 2015. Plaintiff was warned that her failure to follow the Court's order could result in the dismissal of any unserved Defendant. *See* Order [13].

On September 14, 2015, the record reflects that summonses were reissued as to other unserved Defendants, but not as to David Santa. *See* Summons Issued [14]. The next day on September 15, 2015, Plaintiff filed a response to the Court's order, which included a copy of the summons issued to Santa in Forrest County Circuit Court and a United States Postal Service receipt and return for David E Santa. It is unclear whether the service mailed to Santa was received by him. The return reflects that the letter was addressed to "David E. Santa, Citi Residential Lending, c/o Ocwen Loan Servicing." Further, the return was stamped as signed by an individual named Earl Hill, and not David Santa. *See* Response [15].[1] Santa has not filed an answer or other responsive pleading or otherwise made an appearance in this matter.

On June 8, 2016, the Court issued an Order to Show Cause [69], directing Anderson to show cause on or before June 20, 2016, why Santa should not be dismissed for her failure to perfect service. On June 20, 2016, Plaintiff filed a response, stating that she believes that she has properly completed service upon Santa and that he should not be dismissed as a defendant.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F. 2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such a review means that this Court will examine the entire record, and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge, *Koetting v. Thompson*, 995 F. 2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F. 2d 419, 421

(5th Cir. 1987). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F. 3d 290, 293 (5th Cir. 1993).

### III. PETITIONER'S OBJECTIONS AND ANALYSIS

Petitioner's objection to the Magistrate's report claims that Defendant David E. Santa should not be dismissed, stating her service to Mr. Santa was proper because it was signed by Mr. Hill, who she claims, is an agent acting on behalf of Mr. Santa. Mississippi Rules Of Civil Procedure state that the summons and complaint shall be served together "Upon an individual . . . by delivering a copy of the summons and the complaint to him personally or to an agent authorized by appointment or by law to receive service of process." M.R.C.P. Rule 4(d)(1)(A). There is nothing in the record however that indicates that Mr. Hill was authorized by appointment or by law to receive service of process for Mr. Santa.

Even if Mr. Hill was authorized by appointment or by law to receive service of process, Petitioner did not complete service within 120 days after filing the complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure. "If a defendant is not served within 120 days after the complaint is filed, the court– on motion or on its own after notice to the plaintiff– must dismiss the action without prejudice . . . ." Fed. R. Civ. P. 4(m). This Rule also permits the Court to extend the time period on a showing of good cause for failure to serve process in a timely manner, however Petitioner has not established a showing a good cause for an extension of time. Because Petitioner has failed to provide Defendant Santa with proper service, despite several notices by the court that failure to do so may result in dismissal, dismissal here is appropriate.

### IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objection. For the reasons set

forth above, this Court concludes that Petitioner's objection lacks merit and should be **overruled.** The Court further concludes that the Proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves, and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Defendant Santa be dismissed as a party to this action **without** prejudice.

**SO ORDERED AND ADJUDGED** on this, the 2nd day of August.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE