IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

EVA ANDERSON                                                              PLAINTIFF

V.                                              CIVIL ACTION NO. 2:15-CV-88-KS-MTP

WELLS FARGO BANK, NA, *et al.*                                          DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

For the reasons below, the Court **denies** Plaintiff's Motion to Amend [74] and **grants** Defendant's Motion to Dismiss. This case is closed.[1]

### A.      *Motion to Amend [74]*

Plaintiff filed a Motion to Amend [74] her Complaint. She represents that the proposed second amended complaint "maintains the counts and allegations against the same defendants from the original complaint with the exception of" three "additional defendants but accounts for significant factual and procedural developments that have been discovered since the original complaint was filed." She also alleges that the new complaint includes "additional facts to show a long line of deception and fraud."

---

[1]On May 16, 2016, Plaintiff filed a Notice of Appeal [68] as to the Court's Order [67] denying her Motion for Reconsideration [57] and granting Defendant Citi Residential Lending's Motion for Judgment on the Pleadings [59]. Generally, a notice of appeal divests this Court of jurisdiction. *Winchester v. U.S. Attorney for the S.D. of Tex.*, 68 F.3d 947, 949 (5th Cir. 1995). However, the Court may "take action in aid of the appeal . . . ." *Id.* Assuming *arguendo* that the Court's previous order [67] constituted a final judgment from which Plaintiff may take an appeal, this Court may still address the parties' pending motions because its actions are "in aid of the appeal." *Id.*

Defendant opposes Plaintiff's motion on various grounds.[2]

Rule 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The Court considers five factors when addressing a motion for leave to amend: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). "A court must have a substantial reason to deny a party's request for leave to amend," *Stem v. Gomez*, 813 F.3d 205, 215 (5th Cir. 2016), and the Court "should grant a *pro se* party every reasonable opportunity to amend." *Pena v. United States*, 157 F.3d 984, 987 n. 3 (5th Cir. 1998).

Among other reasons, Defendant argues that Plaintiff's amendment would be futile because her claims would still be subject to dismissal pursuant to Rule 12(b)(6). The Court agrees. Although Plaintiff represented in her motion that the proposed second amended complaint "accounts for significant factual . . . developments that have been discovered since the original complaint was filed," and that it contains "additional facts to show a long line of deception and fraud," the proposed second amended complaint contains no new factual allegations. In fact, much of it [74-1] is copied verbatim from Plaintiff's first amended complaint [1-2].

---

[2]Plaintiff filed the motion [74] on July 8, 2016. Defendant filed a timely response [79, 80] on July 21, 2016. Accordingly, Plaintiff's reply was due by August 1, 2016. FED. R. CIV. P. 6(a), (d); L.U.Civ.R. 7(b)(4). Plaintiff did not file a reply, and her motion is ripe for review.

The only new material in the proposed second amended complaint are various citations to and quotations from cases Plaintiff has cited throughout this litigation in response to Defendants' argument that Plaintiff lacks standing to challenge the assignment of her note. This legal issue has already been addressed by the Court, and Plaintiff's proposed second amended complaint contains no new facts that would alter the Court's analysis. Accordingly, it would be subject to dismissal for the same reasons provided in the Court's prior opinions,[3] and "[w]hen an amended complaint would still fail to survive a Rule 12(b)(6) motion, it is not an abuse of discretion to deny" a motion to amend. *Stem*, 813 F.3d at 216.

Plaintiff also seeks to add three new Defendants – Ocwen Loan Servicing, Heritage Title, and HomEq Servicing Corporation. These Defendants were or should have been known to Plaintiff prior to filing her original complaint over a year ago, as they were identified in her loan documents. In fact, she has previously sued them to challenge the validity of her mortgage note and/or deed of trust. *See Anderson v. Barclays Capital Real Estate*, 136 So. 3d 1080 (Miss. Ct. App. 2013).

"Although Rule 15(a) does not impose a time limit for permissive amendment, at some point, time delay on the part of a plaintiff can be procedurally fatal." *Smith*, 393 F.3d at 595. "[T]he plaintiff bears the burden of showing the delay to be due to oversight, inadvertence, or excusable neglect." *Id.* Plaintiff made no attempt to explain

---

[3]*See Anderson v. Wells Fargo Bank, NA*, No. 2:15-CV-88-KS-MTP, 2016 U.S. Dist. LEXIS 51577 (S.D. Miss. Apr. 18, 2016); *Anderson v. Wells Fargo Bank, NA*, No. 2:15-CV-88-KS-MTP, 2016 U.S. Dist. LEXIS 27110 (S.D. Miss. Mar. 3, 2016).

why she failed to include these defendants in her original complaint or first amended complaint. Her vague references to "factual developments" and "additional facts" are insufficient. She included no new factual allegations in her proposed second amended complaint, much less facts specifically pertaining to the three new defendants. Accordingly, the Court finds that she did not meet her burden of justifying the delay.

The Court also notes that amendment would be futile as to at least two of the new defendants. The Mississippi Court of Appeals affirmed a trial court's grant of summary judgment as to HomEq Servicing and Heritage Title in Plaintiff's previous suit challenging her mortgage note. *Anderson v. Barclays Capital Real Estate*, 136 So. 3d 1080 (Miss. Ct. App. 2013) (affirming summary judgment in favor of HomEq Servicing and Heritage Title as to Plaintiff's suit challenging her mortgage note), *cert. denied*, 145 So. 3d 674 (Miss. 2014). "Res judicata bars a second action between the same parties on the same subject matter directly involved in the prior action." *EMC Mortg. Corp. v. Carmichael*, 17 So. 3d 1087, 1090 (Miss. 2009). Dismissal under Rule 12(b)(6) is appropriate where a claim is barred by the principle of res judicata, *Stone v. La. Dep't of Revenue*, 590 F. App'x 332, 335-36 (5th Cir. 2014), and "[w]hen an amended complaint would still fail to survive a Rule 12(b)(6) motion, it is not an abuse of discretion to deny the motion." *Stem*, 813 F.3d at 216.

For all the reasons provided above, the Court finds that Plaintiff's proposed amendment would be futile, and that Plaintiff has unduly delayed seeking an amendment. Accordingly, the Court **denies** Plaintiff's Motion to Amend [74].

**B.**   *Motion to Dismiss [75]*

4

Defendant Wells Fargo Bank, N.A. – the last remaining Defendant in this case – filed a Motion to Dismiss [75] pursuant to Rule 12(b)(6). Therein, Defendant asserted various arguments in favor of dismissal.

First, Defendant presented the same argument addressed by the Court in its previous rulings. Defendant argues that Plaintiff has no standing to challenge the assignment of her note based on alleged violations of a pooling and servicing agreement to which she was neither a party nor a third-party beneficiary. For the reasons provided in prior opinions, the Court agrees. *Anderson*, 2016 U.S. Dist. LEXIS 51577 at *3-*4; *Anderson*, 2016 U.S. Dist. LEXIS 27110 at *3-*4. Plaintiff has no standing to challenge the assignment of her mortgage based on alleged noncompliance with a pooling and servicing agreement to which she was neither a party nor a third-party beneficiary. The Court incorporates its prior rulings herein.

Upon an exceedingly liberal reading of the amended complaint, Plaintiff may assert fraud claims against Defendant. "In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). This rule requires Plaintiff to identify the "time, place, and contents of the false representations, as well as the identity of the person making the representation, and what that person obtained thereby." *Owens v. Jastrow*, 789 F.3d 529, 535 (5th Cir. 2015). Plaintiff provided no particular or specific allegations regarding the circumstances of the alleged fraud.[4]

---

[4]Defendant also asserted a res judicata argument, but it is not necessary for the Court to address it.

5

For these reasons, the Court finds that dismissal pursuant to Rule 12(b)(6) is appropriate. The Court grants Defendant's Motion to Dismiss [75].

**C.    *Conclusion***

For the reasons provided above, the Court **denies** Plaintiff's Motion to Amend [74] and **grants** Defendant Wells Fargo's Motion to Dismiss [75]. Wells Fargo was the last remaining Defendant in this matter. Accordingly, this case is now closed.

SO ORDERED AND ADJUDGED this 4th day of August, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

6