IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

EVA ANDERSON                                                              PLAINTIFF

V.                                              CIVIL ACTION NO. 2:15-CV-88-KS-MTP

WELLS FARGO BANK, NA, *et al.*                                         DEFENDANTS

## ORDER

On August 12, 2016, Plaintiff filed a Motion for Reconsideration [88] of the Court's Order [85] denying her motion to amend and granting Defendant's motion to dismiss. She also filed a Motion to Stay [87] the case pending a ruling on her motion for reconsideration.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C.*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009). It is "an extraordinary remedy that should be used sparingly." *Id*. Before filing a Rule 59(e) motion, parties "should evaluate whether what may seem to be a clear

error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

Plaintiff argues that the Court should reconsider its ruling on the basis of newly discovered evidence that was not previously available to her. "When a party offers alleged newly-discovered evidence, the district court should consider whether the omitted evidence was available to the moving party prior to the time for filing his response" to the dispositive motion. *Becerra v. Asher*, 105 F.3d 1042, 1047 n. 20 (5th Cir. 1997). Here, Plaintiff has not explained to the Court why the evidence was not available prior to the Court's ruling, or when and how she discovered it. *See Matador Petroleum Corp. v. St. Paul Surplus Lines Ins. Co.*, 174 F.3d 653, 658 n. 1 (5th Cir. 1999). Accordingly, she has not demonstrated that it is, in fact, "newly-discovered evidence," and the Court declines to consider it.

Even if the exhibits provided by Plaintiff were "newly-discovered evidence," they are irrelevant to the basis of the Court's previous rulings that Plaintiff has no standing to challenge the assignment of her note based on alleged violations of a pooling and servicing agreement to which she was neither a party nor a third-part beneficiary.

Finally, Plaintiff also represents in her Motion to Stay [87] that she has a "debilitating physical illness" and needs time to "further pursue legal advice." First, the Court notes that Plaintiff's alleged "debilitating physical illness" did not prevent her from preparing and filing her Motion to Stay [87] and Motion for Reconsideration [88]. The Court also notes that Plaintiff initiated this case in June 2015, that she has had well over a year to retain counsel if she wished to do so, and that this is the first time

she has mentioned an illness that purportedly hinders her ability to prosecute this case. Indeed, she has responded to Defendants' motions and filed more than her share of motions. Regardless, there is nothing to stay insofar as the case is already closed.

For these reasons, the Court **denies** Plaintiff's Motion for Reconsideration [88] and **denies as moot** her Motion to Stay [87].

SO ORDERED AND ADJUDGED this 15th day of August, 2016.

>*s/Keith Starrett*
>UNITED STATES DISTRICT JUDGE